UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                 Case No. 6:14-CR-26-ORL-31TBS

JASON LYNN GAY,

    Defendant.
_____/

**SENTENCING MEMORANDUM**

Defendant Jason Lynn Gay, by and through his undersigned attorney, respectfully submits this Sentencing Memorandum in support of his request for a reasonable sentence in the above case.

**Procedural History**

On February 2, 2014, Mr. Gay was indicted by a federal grand jury and charged with threatening to assault an FBI agent, in count I; with threatening to inflict harm upon the President of the United States, in count II; and with using the mail to make threats against the President and threatening the United States Courthouse in Orlando, in count III. (Doc. 1). On August 13, 2014, Mr. Gay entered a plea of guilty to count two and the Government agreed to dismiss counts one and three. Mr. Gay is scheduled to be sentenced on December 8, 2014.

**Pre-Sentence Report**

The United States Probation Office has completed a Pre-Sentence Report (PSR) finding

that Mr. Gay should be scored at a total adjusted offense level 22, Criminal History Category VI, for a sentencing range of 84 - 105 months (PSR ¶ 130). There is a statutory maximum sentence of five years. The undersigned requests that this Court sentence the Defendant below the advisory guideline range to a period of incarceration of 24 months and requests that the sentence be served concurrently with the state sentence the Defendant is presently serving. Such a sentence will adequately punish the Defendant for his crime, will protect the public and will provide just punishment. According to the Sentencing Guidelines, if the Defendant was scored only for actions contained in count two, his sentencing range would be 37 - 46 months. (*See* PSR ¶¶ 26 - 31.)

### Circumstances of the Offense

The circumstances of this case are thoroughly outlined in the pre-sentence report. As part of the sentencing process, this Court must consider these circumstances in determining a reasonable sentence.

### History and Characteristics of the Defendant

The Defendant's life is set forth in the pre-sentence report. There is no dispute that he was convicted of robbery, on previous occasions (PSR ¶ 83, 84, 86), escape (¶88) and resisting with violence (¶87). He was released from prison in 2010 and, in 2011, was subsequently charged with aggravated battery with a deadly weapon. He pled guilty to said offense and was sentenced to 15 years in prison on November 12, 2013. PSR ¶ 89.

Despite all of his issues, Mr. Gay remains close to his children -- or at least as close as one can be while being in prison for most of his adult life. Both of his daughters have written letters in support of their father. The letter from his oldest daughter, Jennifer, is particularly telling. In

the letter, she describes visiting her father during her years of growing up. She also describes the short time she lived with him after he was released from state prison. In her letter, she states the following:

> When he was released in 2011, I lived with him at my grandparents' house. Throughout the six months, I've really enjoyed getting to know him. He got a job, starting (sic) going to church, and seemed very normal and happy to be out enjoying seeing family. Nothing seemed to be bothering him. And, at that time, I didn't know he had any mental issues. But, I guess he had a hard time getting adjusted to the outside world again. My dad is a (sic) awesome person that cares about everyone, I would never imagine him going through what he has been through.

(*See* letter of Jennifer Gay.) Mr. Gay also has the strong support of his parents, who visit him on a regular basis at the jail. Both his mother and step-father have written letters of support. In her letter, Renee Hall, Mr. Gay's mother, describes how well her son was doing when he was released from prison in 2011. Specifically, her letter states:

> After he came out of prison for 13 years, he was doing so well, he got a job right away and his boss would brag on him. He was going to church operating the sound for his childhood friend that is a praise and worship leader. He was enjoying being with his daughters and all of our family and friends. For 6 months he was with us after 13 years in prison. We didn't know what was going on inside and that he needed help to get adjusted to the outside world again. Now Jason has a clear head and I believe better than he has ever been.

(*See* letter of Renee Gay.) Thus, there is no dispute that, after being released from prison in 2010, Mr. Gay thrived in his environment. He worked hard, held a job and spent time getting re-acquainted with his family. After doing so well, Mr. Gay stopped taking his medication and started his downhill slide resulting in his arrest for aggravated battery, as detailed in ¶ 89 of the PSR.

After his arrest, Mr. Gay was evaluated by several psychiatrists including Dr. Jeffrey Danziger. Dr. Danziger has evaluated Mr. Gay four times in his adult life. Two of these evaluations were done during the pendency of Mr. Gay's previous state case and two were done during the pendency of this case. (*See* Dr. Danziger's report, dated November 12, 2014, summarizing Dr. Danziger's four evaluations of Jason Gay.) Dr. Danziger's chronology details Mr. Gay's mental illness and describes his finding, in 2012, that Mr. Gay was legally insane during the commission of the April, 2011 offense. Mr. Gay subsequently pled guilty to said offense and was sentenced to 15 years.

When Mr. Gay was taken into federal custody, on March 14, 2014, he was "agitated, with pressured speech, loose associations, hallucinations, and paranoia." After his entry into the Seminole County Jail, the psychiatrists there placed him on a different regimen of medications. In his June, 2014 evaluation, Dr. Danziger found the Defendant suffered from schizoaffective Disorder, Bipolar type, in remission, and adult anti-social behavior. Dr. Danziger also found that Mr. Gay's mental illness was in good control with the medications he had been receiving. (*See* Dr. Danziger's report, pages 6-8.)

Dr. Danziger evaluated the Defendant again, this time on November 9, 2014. In his report, Dr. Danziger found from the jail medical records that Mr. Gay "was stable, from a psychiatric standpoint, without any hallucinations, delusions, or symptoms of psychosis." (*See* Dr. Danziger's report, pages 8-10.) Additionally, there were no references to any behavioral or management problems. During the interview, Dr. Danziger found Gay's mood to be good and that his affect was calm and present." (*See* Dr. Danziger's report, pages 8-10.) Dr. Danziger's final summary predicts a stable future for Mr. Gay, so long as stays medicated and continues to be

treated in prison facilities that are designed to treat individuals with chronic psychiatric diagnosis. Specifically, Dr. Danziger states the following:

> It is my opinion that this defendant suffers from schizoaffective disorder, bipolar type, and the medical records reflect that when he was brought to the Seminole County jail in March 2014 he was actively psychotic and mentally ill. Currently the symptoms of his mental illness are in remission with the treatment that he is receiving under the supervision of Dr. Westhead, the jail psychiatrist. My respectful recommendation is that the defendant remains on his medications during the period of his incarceration in both federal and state facilities, and that he be sent to prison facilities that are designed to manage and treat individuals with chronic psychiatric diagnoses. He will likely need lifelong medications, and psychiatric follow-up should continue after his eventual release. The defendant demonstrates good insight into his illness, acknowledging his illness and the need for medications. Fortunately, he responds well to the medications, indicating a good prognosis if he remains compliant with treatment. Continues psychiatric treatment and ongoing compliance with psychotropic medications would, in my opinion, greatly reduce the likelihood of future behavioral problems and criminal misconduct.

(*See* Dr. Danziger's report, page 10.)

There is no dispute that Jason Gay has finally turned the corner in dealing with his mental illness. The Jason Gay that will stand before the Court on December 8, 2014 is totally different from the person who committed the offense charged in count two. For one thing, Mr. Gay was suffering from a mental illness during the commission of the offense. Secondly, he was not properly medicated when the offense occurred.

Since coming into federal custody, in March 2014, the Defendant has been properly medicated and has worked hard to stay compliant with his treatment regimen. He will serve his state prison sentence and will not be released until 2024. PSR ¶ 89. At that point, he will be 51 years old. Following the service of his sentence, he will serve a term of supervised release.

USSG § 5H1.3 provides the following:

> Mental and emotional conditions may be relevant in determining whether a departure is warranted, is such conditions, individually or in combination with other offender characteristics, are present to an unusual degree and distinguish the case from the typical cases covered by the guidelines.

If ever there were a case where a Defendant's mental condition is relevant in determining whether a departure is warranted, it is Mr. Gay's case. The Defendant understands he must be punished for his crime. But, in this case, the undersigned would suggest that five years is not necessary to promote respect for the law, to protect the public and to provide just punishment for the offense.

Finally, in deciding a reasonable sentence, the Court should consider that, while Gay was in Department of Correction custody, he was sexually assaulted by a state of Florida prison guard. PSR ¶ 89.

In summary, the undersigned requests that this Court impose a sentence of 24 months, in the instant case, and that said sentence run concurrently with the sentence imposed by the State of Florida in case no. 11-CF-4585, Orange County.

Respectfully Submitted,

Donna Lee Elm
Federal Defender

*/S/ James T. Skuthan*
James T. Skuthan
First Assistant Federal Defender
Florida Bar Number 0544124
201 South Orange Avenue, Suite 300
Orlando, Florida 32801
Telephone 407-648-6338
Facsimile 407-648-6095

E-Mail jim_skuthan@fd.org

## **CERTIFICATE OF SERVICE**

I hereby certify that, on this 3rd day of December, 2014, I electronically filed the foregoing Sentencing Memorandum with the Clerk of the Court by using the CM/ECF system, which will send an electronic copy to Andrew C. Searle, Assistant United States Attorney.

          *s/ James T. Skuthan*
          James T. Skuthan
          Assistant Federal Defender